895 So.2d 1149 (2005)
Michael Paul PANKOW, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-821.
District Court of Appeal of Florida, Fifth District.
February 11, 2005.
*1150 James S. Purdy, Public Defender, and Scott Ragan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, C., Senior Judge.
Two-year old Courtney Hensley, while in the custody of Michael P. Pankow, suffered severe burns to her feet. When it appeared that the burns were intentional immersion burns, Pankow was charged with and subsequently convicted for aggravated child abuse.
Pankow's defense was that he was heating water on the stove to boil eggs and that while he was out of the room the dog knocked over the water which splashed on Courtney causing her injuries. His first point on appeal is that the court erred in not granting a judgment of acquittal because his theory of defense was not rebutted by the State's case. We disagree. Two experts testified that because of the nature of the injuries, circumferential injuries reaching slightly above the child's ankles, splashing water could not have caused the injuries. This was sufficient to send the case to the jury.
Pankow's second point is that the court erred in permitting the mother's sister who had been given temporary custody of Courtney after this event to testify that when she would attempt to bathe Courtney in the tub, Courtney would shake uncontrollably and scream "hot, hot, hot." The defense argues that this testimony implies that Pankow injured the victim by intentionally placing her in a tub of hot water and is therefore unduly prejudicial. We agree that this testimony indicates that the child is frightened of taking a bath because of the fear of being burned, for whatever reason. But we believe the testimony's *1151 probative value outweighs the prejudice to the defendant.
Although this case was tried before Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and the Crawford confrontation issue was thus not raised, we nevertheless have considered the effect of Crawford and, consistent with our opinion in Herrera-Vega v. State, 888 So.2d 66 (Fla. 5th DCA 2004), find Crawford inapplicable.
Pankow's next point is that the court erred in permitting a State expert to testify concerning photographs depicting bruising on Courtney's forehead and buttocks since such bruising was not a part of the charge and would not be proper Williams Rule evidence. The State initially had been precluded from offering this testimony. However, during cross-examination of the witness, the defense inferred that if the child had been held in hot water for any extent of time, there should be fingerprint or ligature marks on the child and there was no evidence that these were present. The expert was then permitted to testify that the bruising shown in the photographs could relate to the child's struggle. We agree with the trial court that the defense opened the door for this testimony.
The defense's final point is that the court erred in finding the child's injuries were "severe" in assessing victim injury points. The addition of these points made no difference in the sentence imposed on Pankow. Accordingly, any error in this regard was harmless.
AFFIRMED.
PETERSON and MONACO, JJ., concur.